1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYREE WORTHAM, a.k.a. TARIFFIAN EL BEY, a.k.a. TYRE WORTHAM,<br><br>                         Petitioner,<br>    v.<br><br>DONALD HOLBROOK,<br><br>                         Respondent. | NO:  2:16-CV-0073-TOR<br><br>ORDER DISMISSING FIRST AMENDED PETITION |

13
14
15
16
17
18
19
20

BEFORE THE COURT is Petitioner's First Amended Petition (ECF No. 10). Petitioner, a prisoner at the Washington State Penitentiary is proceeding *pro se* and *in forma pauperis*; Respondent has not been served.  After liberally construing the First Amended Petition in the light most favorable to Petitioner, the Court finds that it fails to cure the deficiencies of the initial petition.

Petitioner claims that he was charged "in error" in Spokane County on approximately January 30, 2014.  He states that on April 16, 2015, he was convicted

ORDER DISMISSING FIRST AMENDED PETITION -- 1

and sentenced "without consent and due recognition of the Public Documents filed in the Court attesting to his Identity, Nationality and Status" (ECF No. 10 at 4).

Petitioner indicates on the petition form that he was convicted of multiple charges of First Degree Assault and sentenced to "two days" (ECF No 10 at 22). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  Based on Petitioner's assertion, it is questionable whether he meets the "in custody" requirement.

Petitioner identifies himself as "Indigenous and a Moor," but not a "Moorish American" (ECF No. 10 at 1).  He claims to have recorded his identity with the Powhatan Renape Nation in Mercer County, New Jersey.  The Powhatan Renape Nation was formerly located in the State of New Jersey, but is not a federally recognized Tribal entity.  *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 81 Fed. Reg. 19, 5019 (Jan 29, 2016).

Petitioner states that he was born in America and is "an American and a Free Citizen and National of the Republic of the United States of America" (ECF No. 10 at 1-2).  Elsewhere, he claims to have "intentionally and voluntarily relinquished his U.S. Nationality" on February 7, 2013 (ECF No. 10 at 5).  He also claims that he

owes "allegiance to Morocco as a descendant of Moroccans and born in America" (ECF No. 10 at 20).

Petitioner's assertion of "diplomatic immunity," is without merit. The fact of expatriation, even when duly obtained, has no effect on a state court's jurisdiction to conduct the alleged expatriate's criminal proceedings. *See, e.g., El Ameen Bey v. Stumpf,* 825 F. Supp. 2d 537, 542 n.4 (D.N.J. 2011). Furthermore, the Moroccan–American Treaty of Peace and Friendship, ratified by President Andrew Jackson on January 28, 1837, contains no language suggesting that the United States, or any state or territory therein, does not have jurisdiction over a person violating the law within its jurisdiction. Treaty of Peace and Friendship, U.S.-Morocco, Oct. 1, 1836, 1836 U.S.T. LEXIS 10.

To the extent Petitioner is attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2) by claiming to be a citizen or subject of a foreign state, his assertions are misplaced. As previously advised, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the exclusive federal remedy available to state prisoners who challenge the fact or duration of confinement and seek speedier or immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent Petitioner is claiming that the alleged existence of "diversity of citizenship" divested a state Superior Court of jurisdiction to adjudicate his criminal

charges, his claim is frivolous.  Federal statutes governing civil actions in federal court have no bearing over state criminal procedures.

This Court cannot infer a constitutional error from the facts presented. Although granted the opportunity to do so, Petitioner has failed to present facts showing that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a) or that he has fully exhausted his claims in state court, 28 U.S.C. § 2254(b)(1)(a).   Indeed, Petitioner indicates that he did not appeal his conviction or petition for state post-conviction relief (ECF No. 10 at 23-24). As presented, Petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS HEREBY ORDERED** the First Amended Petition (ECF No. 10) is **DISMISSED without prejudice.**

Plaintiff's in forma pauperis status is **REVOKED**. The Court certifies that if Plaintiff files an appeal, it would not be in good faith and would be frivolous.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

ORDER DISMISSING FIRST AMENDED PETITION -- 4

1       **IT IS SO ORDERED.** The Clerk of Court shall enter this Order, enter

2  judgment, provide copies to Petitioner, and **CLOSE** the file. Plaintiff's in forma

3  pauperis status is **REVOKED** and the Court further certifies that there is no basis

4  upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App.

5  P. 22(b).

6       **DATED** August 2, 2016.



                THOMAS O. RICE
           Chief United States District Judge